IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| FREDDIE WAYNE HUFF, II | : | 1:22CR303-1 |
| RAHAIN ANTOINE DERIGGS | : | 1:22CR303-2 |
| JAIME ROSADO FONTANEZ | : | 1:22CR303-3 |

The Grand Jury charges:

COUNT ONE

From in or about 2016, continuing up to and including on or about May 28, 2021, the exact dates to the Grand Jurors unknown, in the Counties of Davidson and Forsyth, in the Middle District of North Carolina, and elsewhere, FREDDIE WAYNE HUFF, II, RAHAIN ANTOINE DERIGGS, and JAIME ROSADO FONTANEZ, and divers other persons, known and unknown to the Grand Jurors, knowingly and intentionally did unlawfully conspire, combine, confederate, and agree together and with each other to commit offenses against the laws of the United States, that is:

To knowingly, intentionally, and unlawfully distribute 5 kilograms or more of cocaine hydrochloride, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

COUNT TWO

On or about April 29, 2021, in the County of Davidson, in the Middle District of North Carolina, FREDDIE WAYNE HUFF, II, and RAHAIN ANTOINE DERIGGS knowingly and intentionally did unlawfully distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

COUNT THREE

On or about May 28, 2021, in the County of Forsyth, in the Middle District of North Carolina, FREDDIE WAYNE HUFF, II, and RAHAIN ANTOINE DERIGGS, in furtherance of a drug trafficking crime for which each may be prosecuted in a court of the United States, that is, conspiracy to distribute 5 kilograms or more of cocaine hydrochloride, as more fully referenced in Count One of this Indictment, did knowingly possess firearms; in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

COUNT FOUR

On or about May 28, 2021, in the County of Davidson, in the Middle District of North Carolina, JAIME ROSADO FONTANEZ knowingly and intentionally did unlawfully possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

FORFEITURE ALLEGATION

1. The allegations contained in this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853(a), Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one or more of the offenses alleged in Counts One, Two and Four of this Indictment, the defendants, FREDDIE WAYNE HUFF, II, RAHAIN ANTOINE DERIGGS, and JAIME ROSADO FONTANEZ, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), all right, title and interest in and to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of

3

such violation; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of the offense alleged in Count Three of this Indictment, the defendants, FREDDIE WAYNE HUFF, II, and RAHAIN ANTOINE DERIGGS, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all right, title and interest in and to any firearms or ammunition involved in or used in the commission of the offense.

4. The property subject to forfeiture may include, but shall not be limited to, the following:

    a. $18,233 in United States currency; and

    b. A forfeiture money judgment in an amount representing the total amount subject to forfeiture based on the offenses of which the defendant is convicted.

5. If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendants cannot be located upon the exercise of due diligence, has been transferred or sold to or deposited with a third person, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of

4

any other property of said defendants up to the value of the above forfeitable property.

All in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), Rule 32.2, Federal Rules of Criminal Procedure, and Title 28, United States Code, Section 2461(c).

DATED: September 26, 2022

SANDRA J. HAIRSTON
United States Attorney

BY: RANDALL S. GALYON
First Assistant
United States Attorney

A TRUE BILL:

FOREPERSON

5