IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:22CR303-3 |
| | : | |
| v. | : | |
| | : | |
| JAIME ROSADO FONTANEZ | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and the defendant, JAIME ROSADO FONTANEZ, in his own person and through his attorney, Dylan W. Greenwood, and state as follows:

1. The defendant, JAIME ROSADO FONTANEZ, is presently under Indictment in case number 1:22CR303-3, which charges him in Count One with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), conspiracy to distribute 5 kilograms or more of cocaine hydrochloride; and which charges him in Count Four with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride.

2. The defendant, JAIME ROSADO FONTANEZ, will enter a voluntary plea of guilty to the lesser-included offense of Count One of the Indictment herein, which is a violation of Title 21, United States Code, Sections

846 and 841(b)(1)(C), conspiracy to distribute a quantity of a mixture and substance containing a detectable amount of cocaine hydrochloride. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a.    The defendant, JAIME ROSADO FONTANEZ, understands that as to the lesser-included offense of Count One of the Indictment herein, he shall be sentenced to a term of imprisonment of not more than twenty years, a fine not to exceed $1,000,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, JAIME ROSADO FONTANEZ, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least three years in addition to such term of imprisonment.

    b.    The defendant, JAIME ROSADO FONTANEZ, further understands that the sentence to be imposed upon him is within the discretion

of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    c.    The defendant, JAIME ROSADO FONTANEZ, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, JAIME ROSADO FONTANEZ, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, JAIME ROSADO FONTANEZ, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to the lesser-included offense of Count One of the Indictment herein, the defendant, JAIME ROSADO FONTANEZ, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, JAIME ROSADO FONTANEZ, is going to plead guilty to the lesser-included offense of Count One of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, JAIME ROSADO FONTANEZ, to the lesser-included offense of Count One of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining count of the Indictment as to the defendant, JAIME ROSADO FONTANEZ. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, JAIME ROSADO FONTANEZ, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

c. The defendant, JAIME ROSADO FONTANEZ, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, JAIME ROSADO FONTANEZ, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

d. The defendant, JAIME ROSADO FONTANEZ, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority

5

of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

  e. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, JAIME ROSADO FONTANEZ, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, JAIME ROSADO FONTANEZ, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

  6. With regard to forfeiture, the United States and the defendant, JAIME ROSADO FONTANEZ, agree as follows:

  a. The defendant, JAIME ROSADO FONTANEZ, knowingly and voluntarily consents and agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the alleged offense. The property to be forfeited includes, but is not limited to:

1. $18,233 in United States currency.

The defendant acknowledges that the defendant's interest in the foregoing property is subject to forfeiture based on the offense to which the defendant is pleading guilty.

b. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise them of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

c. The defendant knowingly and voluntarily waives their right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any

claim or defense under the Eighth Amendment to the United States Constitution.

d.  The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive them, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns.

e.  The defendant agrees and understands that the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of any property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

7.  The defendant, JAIME ROSADO FONTANEZ, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and

shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, JAIME ROSADO FONTANEZ, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, JAIME ROSADO FONTANEZ, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, JAIME ROSADO FONTANEZ, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

9

Case 1:22-cr-00303-UA   Document 59   Filed 07/12/23   Page 9 of 10

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the __12th__ day of ____July____, 2023.

SANDRA J. HAIRSTON  
United States Attorney

DYLAN W. GREENWOOD  
Attorney for Defendant

RANDALL S. GALYON  
First Assistant  
United States Attorney  
NCSB #23119  
United States Attorney`s Office  
Middle District of North Carolina  
101 S. Edgeworth St., 4th Fl.  
Greensboro, NC 27401  
336/333-5351

JAIME ROSADO FONTANEZ  
Defendant

____STI____